UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTEE F. HAMMOND,

        Plaintiff,                         CIVIL ACTION NO. 08-CV-10922-DT

vs.

                                            DISTRICT JUDGE DAVID M. LAWSON

DEPARTMENT OF VETERANS       MAGISTRATE JUDGE MONA K. MAJZOUB
AFFAIRS,
        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:**     The Motion for Summary Judgment filed by Defendant Department of Veterans Affairs (docket no. 6) should be **GRANTED**, and this action should be **DISMISSED**.

**II.**     **REPORT:**

This matter comes before the Court on the Motion for Judgment on the Pleadings and/or for Summary Judgment[1] filed on October 30, 2008 by Defendant Department of Veterans Affairs. (Docket no. 6). Plaintiff proceeding *pro se* filed a Response brief. (Docket no. 10). Defendant filed a Reply. (Docket no. 11). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 3). This Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Because Defendant presented matters outside of the pleadings to support its motion, this Court considers Defendant's motion as one for summary judgment pursuant to Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d).

**A.     Factual Background and Claims**

Plaintiff is a physician who was employed as a temporary primary care physician at the Battle Creek, Michigan, Veterans Administration Medical Center from November 2004 until March 2005.  (Docket no. 10, 6).  His employment was terminated in March 2005 upon the recommendation of his immediate supervisor, Dr. Shah, because Plaintiff had allegedly been absent without leave on March 2 and 8, 2005.[2]  (Docket no. 6 ex. 6).  In his Complaint, Plaintiff alleges that his termination and other events that occurred while he was employed resulted from race and age discrimination in violation of Title VII of the Civil Rights Act of 1964[3] (42 U.S.C. § 2000e-2) and from disability discrimination based on his being a diabetic in violation of the Rehabilitation Act (29 U.S.C. § 791 et seq.).

Plaintiff contends that his race and age discrimination claims are supported by Defendant's actions such as his wrongful termination, the denial of medical leave, the denial of annual leave, the maintenance of a hostile work environment, inadequate training, and his hiring under false pretenses. (Docket no. 1 at 2).  Plaintiff claims that he was denied reasonable accommodation for his disability. (*Id*.).

Plaintiff further alleges in his Complaint that he was hired as a temporary employee because of his race.  (*Id*. at 3).  He says that at the time of his employment his physical examination showed

---

[2] Dr. Shah's memo references three unauthorized absences.  Plaintiff refers to his absence on March 9 in his Response.  This may be the third absence mentioned by Dr. Shah.  Plaintiff does not dispute that he was absent on these days but "does not agree with the defendants [sic] interpretation of the adequacy of the attempts to inform the management about the unanticipated absences." (Docket no. 10 at 4).

[3] The Court will consider Plaintiff's allegation of age discrimination pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a).

that he had diabetes which was not under good control. (*Id*.). His employer allegedly did not discuss the option of taking medical leave. Plaintiff states that his mother was suffering from cancer around the time that he started working at the VA, but he was not afforded the option of taking family leave. Plaintiff claims that his incomplete orientation led to inadequate training and this was allowed because of racial bias. (*Id*. at 4). Plaintiff further alleges that there is no evidence that he was AWOL and that this was a pretext for his termination. (*Id*.). Finally, Plaintiff alleges he was terminated for refusing to comply with an illegal policy of Dr. Shah regarding renewing prescriptions for narcotics. (*Id*.). Plaintiff seeks damages as relief. (*Id*.).

Defendant argues that summary judgment is appropriate because Plaintiff has failed to allege and establish prima facie cases of discrimination based on age, race, or due to a disability. (Docket no. 6). Defendant also contends that it has proven that Plaintiff was terminated due to his being absent without leave and that this is a non-pretextual reason upon which summary judgment may be granted.

In his Response brief, Plaintiff focuses on the facts surrounding his hiring and whether he knew he was hired as a temporary employee. (Docket no. 10). Plaintiff also recounts the facts surrounding his absences on March 2, 2005 and on March 8 and 9, 2005. (*Id*.). Plaintiff has not submitted any affidavits or other discovery material to support his allegations with the exception of four documents attached to his Response brief.[4]

---

[4] The first document is entitled "Board Action" and shows that on November 4, 2004 the Professional Standards Board recommended Plaintiff's appointment as a temporary full-time staff physician assigned to primary care service. The second document is a copy of a "Notification of Personnel Action" for Plaintiff showing that he was appointed to a different VA medical center in 1995. The third document is a purported copy of the interview notes of Plaintiff taken by Dr. Shah. The final document is an untitled document listing Dr. Hebert as a provider with a start date of August 10, 2003 and showing that he is a permanent employee and board certified.

**B.     Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). The non-moving party must designate specific facts and identify the portions of the record where these facts may be found; the court is not required to "conduct its own probing investigation of the record." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

      **1.     Disability Discrimination**

In order to establish a prima facie case of disability discrimination under the Rehabilitation Act, Plaintiff must show that: (1) he is disabled; (2) he is otherwise qualified for the job; (3) he suffered an adverse employment action; (4) his employer knew or had reason to know of his disability; and (5) following the adverse employment action, either he was replaced by a non-disabled person or his position remained open. *Jones v. Potter*, 488 F.3d 397, 404 (6th Cir. 2007).

Plaintiff has failed to allege or establish that he is disabled. He alleges that he has been diagnosed as having diabetes and that it is not under good control. However, merely having an impairment does not make one disabled. *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002). Plaintiff must demonstrate that his impairment limits a major life activity. (*Id.*). Plaintiff has failed to allege or establish that his alleged impairment limits him in any way. Because Plaintiff has failed to offer any direct evidence of discrimination based on a qualified disability and failed to establish a prima facie case, summary judgment is appropriate on this claim. *See Hartsel v. Keys*, 87 F.3d 795, 805 (6th Cir. 1996).

### 2.     Racial Discrimination

In order to establish a prima facie case of racial discrimination, Plaintiff must establish that he is a member of a protected class, suffered an adverse employment action, was qualified for the position, and was treated differently than a similarly-situated, non-protected employee. *Carter v. University of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003). To show a hostile working environment, Plaintiff must establish that the discriminatory acts were sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment. *Hafford v. Seidner*, 183 F.3d 506, 512-13 (6th Cir. 1999).

Plaintiff has not alleged or shown that he was treated differently than a similarly situated co-worker who was not in a racial minority group. Plaintiff also has not alleged or shown that he was subjected to severe intimidation, ridicule, or insult creating an abusive and hostile working environment. In Plaintiff's Response brief he identifies "Dr. H" as a physician who was hired as a permanent employee on August 10, 2003. (Docket no. 10 at 3). Plaintiff does not reveal the race of Dr. H but states that he had "more time in the VA system" than Dr. H. (*Id.*). These bare

allegations fail to establish that Dr. H. was a similarly situated employee, especially when he was hired over a year before Defendant hired Plaintiff. Because Plaintiff has failed to offer any direct evidence of discrimination based on race and failed to establish a prima facie case, summary judgment is appropriate on this claim. *See Hartsel,* 87 F.3d at 805.

Moreover, even if Plaintiff had established a prima facie case of race discrimination based on his termination, Plaintiff fails to demonstrate a genuine issue of material fact on Defendant's showing that it had a legitimate, non-pretextual basis for terminating Plaintiff's employment due to his absences without leave. Therefore, summary judgment is appropriate on this claim on that basis as well.

### 3.    **Age Discrimination**

In order to establish a prima facie case of age discrimination, Plaintiff must show that: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; (4) he was replaced by a younger worker. *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008). Plaintiff fails to allege or show that he was replaced by a younger worker or that younger, temporary employees were shown any favorable treatment. Because Plaintiff has failed to offer any direct evidence of discrimination based on age and failed to establish a prima facie case, summary judgment is appropriate on this claim. *See Hartsel,* 87 F.3d at 805.

Moreover, even if Plaintiff had established a prima facie case of age discrimination based on his termination, Plaintiff fails to demonstrate a genuine issue of material fact on Defendant's showing that it had a legitimate, non-pretextual basis for terminating Plaintiff's employment due to

his absences without leave. Therefore, summary judgment is appropriate on this claim on that basis as well.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 30, 2009            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

    I hereby certify that a copy of this Report and Recommendation was served upon Artee F. Hammond and Counsel of Record on this date.

Dated: January 30, 2009         s/ Lisa C. Bartlett
                                                   Courtroom Deputy